**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALBERT STEVENSON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:18-cv-1702-RDP** |
| | } | |
| **JOHNSON BROS CORPORATION,** | } | |
| | } | |
| **Defendant.** | } | |

<u>**MEMORANDUM OPINION**</u>

This case is before the court on Plaintiff's Amended Motion to Quash Defendant's Subpoenas. (Doc. # 14).[1] The Motion is fully briefed (*see* Docs. # 16, 18), and it is ripe for decision. After careful review, and for the reasons explained below, the court concludes that Plaintiff's Motion is due to be granted in part and denied in part.

**I. Factual and Procedural Background**

Plaintiff Albert Stevenson, an African-American male, was employed by Defendant Johnson Bros. as a Project Engineer from approximately May 2017 to August 18, 2017, when he was fired. (Doc. # 1 at ¶¶ 15, 47). He now brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981 to remedy Defendant's alleged unlawful employment practices and acts of intentional discrimination. Plaintiff asserts claims of race discrimination and retaliation. (*See generally* Doc. # 1).

On January 15, 2019, Defendant sent Plaintiff's counsel an email informing Plaintiff of its intent to serve subpoenas on seven of Plaintiff's former employers[2]—both before and after his

---

[1] Plaintiff's original Motion to Quash (Doc. # 12) is due to be denied as moot.

[2] The former employers were BOH Brother's Construction Company, Braco Construction, CB&I McDermott International, Inc., Granite Construction Co., Massman Construction Company, Sarcor LLC, and

employment with Defendant.[3] (Doc. # 14-1). The non-party subpoenas requested the following information from Plaintiff's former employers:

> A <u>certified copy</u> of your entire personnel file, including but not limited to, any and all employment records, applications, correspondence, notes, absentee records, payroll records, evaluations, disciplinary actions, worker's compensation records, or any other document of whatever nature and type relating to Albert Stevenson.

(Doc. # 14 at 2). Plaintiff responded two days later, objecting to the request in its entirety on the grounds that the information requested from Plaintiff's former employers (1) was not proportional to the needs of the case, (2) was overly broad and unreasonable, and (3) could have been discoverable through other reasonable means like deposition or written discovery. (Doc. # 14-2). Later than afternoon, Defendant asked Plaintiff to be more specific in his objections. (Doc. # 14-3).

Plaintiff replied on January 18, 2019 that he objected to Defendant's request for the "entire personnel file," which included, but was not limited to, "employment records, applications, correspondence, notes, absentee records, payroll records, evaluations, disciplinary actions, worker's compensation records, or *any other document of whatever nature and type* relating to Albert Stevenson." (Doc. # 14-4) (emphasis added). In Plaintiff's view, such a request was far too broad and violated his right to privacy in his personnel files from former employers. *Id*.

Although it did not acquiesce in Plaintiff's characterization of the request, Defendant agreed to limit the documents requested to "a certified copy of Albert Stevenson's application for employment and any documents showing Albert Stevenson's dates of employment, compensation earned and reasons for his termination and any disciplinary actions." (Doc. # 14-5). Defendant also

Womack and Sons Construction Group. (Doc. # 14-2). Defendant believes that Plaintiff worked for Sarcor, LLC and Granite Construction Company after his employment with Defendant. (Doc. # 16 at n. 2)

[3] That same day, Defense counsel also sent Plaintiff Defendant's First Requests for Production and Defendant's First Interrogatories. (Doc. # 18-2).

agreed to wait to serve the revised subpoenas until Plaintiff's counsel had a chance to review the new language the following week. (Doc. # 14-6).

On January 30, 2019, Plaintiff responded that he objected to the requests for any "application for employment," "reasons for his termination," and "any disciplinary actions" from former employers. (Doc. # 14-7). Plaintiff asserted that such information was not relevant to the needs of the case and would not prove or disprove any material fact in the case. (*Id*.). However, Plaintiff did not object to Defendant asking his former employers (after his employment with Defendant) to produce "documents showing [his] dates of employment" or "compensation earned." Plaintiff acknowledged that this information could be used "for the purposes of determining [his] interim earnings." *Id*.

Defendant did not agree to so limit the subpoenas. (Doc. # 14-8). Instead, Defendant notified Plaintiff that it intended to serve the subpoenas on February 1, 2019. (*Id*.). After warning Defendant of his opposition, Plaintiff filed the instant Motion to Quash on February 5, 2019. (Doc. # 14). As of February 11, 2019 (the date on which Defendant filed its response), the subpoenas still had not been served on the non-party former employers. (Doc. # 16 at n. 1).

## II.    Analysis

The parties' disagreement revolves around three categories of information in the possession of Plaintiff's former employers: (1) Plaintiff's prior employment applications, (2) his previous dates of employment and the amount of compensation earned, and (3) his earlier disciplinary record and reasons for termination. Specifically, Plaintiff objects to the issuance of the subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv). (Doc. # 18 at 1). These provisions mandate that a court quash or modify a subpoena that either "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."

Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv). The scope of discovery that may be sought through a Rule 45 non-party subpoena is the same permissible scope under Federal Rule of Civil procedure 26(b):[4]

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See Giambrone v. Kearney & Co., P.C.*, 2017 WL 2538705, at *1 (M.D. Fla. June 12, 2017).

Although a party generally does not have standing to challenge a non-party subpoena, standing may be established based on that party's personal right or privilege over the subpoenaed information. *See Barger v. First Data Corp.*, 2018 WL 6591883, at *3 (N.D. Ala. Dec. 14, 2018). Here, Plaintiff "has properly asserted a personal right in [his] employment records." *Giambrone*, 2017 WL 2538705, at *1. However, that right must be balanced against the relevance and proportionality of the requested records to the needs of the case. *Id.*

After carefully reviewing the disputed categories of information, the court concludes that Plaintiff's Motion to Quash is due to be granted in part and denied in part. Defendant is only permitted to subpoena Plaintiff's post-Johnson Bros. employers for (1) Plaintiff's employment applications and (2) information relating to Plaintiff's compensation and dates of employment.

---

[4] The court held a Scheduling Conference in this case on March 6, 2019. During the conference, Defense counsel argued that, under Rule 45, the court should not consider relevancy in determining whether to quash or modify a subpoena. That argument is off the mark. *See Giambrone*, 2017 WL 2538705, at *1 ("It is well-settled that the permissible scope of discovery that may be sought pursuant to a Rule 45 non-party subpoena is the same as the scope of discovery permitted pursuant to Rule 26(b)); *see also Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc.*, 2013 WL 3800336, at *3 (N.D. Ga. June 19, 2013); *see also Chamberlain v. Farmington Savings Bank*, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007).

### A. Employment Applications

Plaintiff argues that Defendant's request for his employment applications submitted to former employers before he worked for Defendant and former employers after he worked for Defendant (1) seeks irrelevant information, (2) unnecessarily invades his privacy, and (3) is not proportional to the needs of the case. (Doc. # 14 at 4; Doc. # 18 at 3-4). Defendant responds that Plaintiff's applications prior to his employment with Defendant may reveal employers that he failed to disclose or show that his application with Defendant contained other false information, *e.g.*, the reason he left that job. (Doc. # 16 at 3). As to Plaintiff's applications to employers after Johnson Bros., Defendant believes the applications may provide Plaintiff's explanation for why he was terminated or other application conflicts supporting a potential after-acquired evidence defense. (*Id.* at 4).

The court is unpersuaded by Defendant's justifications for seeking employment applications from Plaintiff's pre-Johnson Bros. employers. Although the after-acquired evidence defense allows an employer "to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery." *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) (citing *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 363 (1995) (expressing concern that employers might routinely undergo extensive discovery into an employee's background or job performance to resist liability)). Indeed, "[f]ederal courts are wary of allowing 'fishing-expedition discovery' by employers to find evidence of wrongdoing." *Barger v. First Data Corp.*, 2018 WL 6591883, at *10 (N.D. Ala. Dec. 14, 2018) (citing *Premer*, 232 F.R.D. at 693). Rather, employers "must have some preexisting basis to believe that after-acquired evidence exists before it can take on additional

discovery." *Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006).

Here, Defendant seeks to uncover potential inconsistencies in the application Plaintiff submitted to Johnson Bros. without first identifying any basis for its belief that Plaintiff may have made inconsistent statements. Standing alone, speculative reasons for seeking employment records are not sufficient grounds for issuing a subpoena to Plaintiff's former employers. *See Bahrami*, 2013 WL 3800336, at *5 (granting plaintiff employee's motion to quash where defendant employer attempted to subpoena former employment applications based on speculation that plaintiff "may have misrepresented information" and may have exhibited "similar performance issues in his prior employment"). This is not a case like *Barger v. First Data Corp.* where the plaintiff former employee's testimony "gave rise to inferences of misconduct, and directed Defendants where to uncover more information." 2018 WL 6591883, at *10 (denying plaintiff's motion to quash, in part, because defendants cited evidence supporting their belief that an after-acquired evidence defense existed). At this juncture, Defendant has failed to identify any basis for its belief that after-acquired evidence of Plaintiff's wrongdoing exists. Accordingly, Plaintiff's Motion to Quash is due to be granted with respect to Defendant's request for the employment applications submitted to Plaintiff's pre-Johnson Bros. employers.

By contrast, the court agrees with Defendant that the employment applications submitted to Plaintiff's post-Johnson Bros. employers may provide relevant information in Plaintiff's characterization of his departure from Johnson Bros.—information which could be material to the defenses in the instant case. In other words, it is relevant how Plaintiff described the reasons he left Johnson Bros. Thus, Defendant is permitted to subpoena Plaintiff's employment applications from his post-Johnson Bros. employers.

## B.  Dates of Employment and Compensation Earned

Plaintiff does not dispute the relevance of documents showing his dates of employment and compensation earned from his post-Johnson Bros. employers.[5] (Doc. # 14 at 4-5). The court agrees that this information would be relevant to show Plaintiff's interim earnings or his efforts to mitigate his damages. *See Giambrone*, 2017 WL 2538705, at \*1 (finding that defendant's subpoena request to plaintiff's subsequent employers for information relating to plaintiff's dates worked and compensation packages was directly relevant to her claim for damages). Accordingly, the court concludes that Defendant's request -- directed at employers following his employment with Defendant -- for documents showing Plaintiff's dates of employment and compensation earned is not due to be quashed.

However, any request for information relating to the compensation Plaintiff earned *prior* to his employment with Defendant is due to be quashed. The court fails to see how Plaintiff's rate of compensation before he began working for Defendant would be relevant to any party's claim or defense in this case. *See Maxwell*, 2006 WL 1627020, at \*3 (citing *Graham v. Casey's General Stores,* 206 F.R.D. 251, 255 (S.D.IN.2002) (granting plaintiff's motion to quash because defendant failed to show why salary information from a previous employer was relevant to damages under a discrimination claim)). Indeed, Defendant's response brief provides no justification for this request. Thus, Defendant is not permitted to subpoena any records showing Plaintiff's compensation before he began working for Defendant.

---

[5] The court notes a slight discrepancy in the parties' briefing. Plaintiff contends that he only worked for Granite Construction Company after his employment with Defendant. Defendant, on the other hand, believes that Plaintiff also worked for Sarcor, LLC. Whatever the case may be, Defendant will only be permitted to subpoena information relating to Plaintiff's dates of employment and compensation earned from Plaintiff's post-Johnson Bros. employers.

As to its request for Plaintiff's dates of employment *before* he worked for Johnson Bros., Defendant simply wishes to cross-check the information Plaintiff provided on his employment application in the hopes it will unearth inaccuracies to support its after-acquired evidence defense. (Doc. # 16 at 3). As discussed above, Defendant has not provided the court with any indication that Plaintiff may have misrepresented information in his employment application with Johnson Bros. Because Defendant is not entitled to engage in "fishing-expedition" discovery to search for *potential* wrongdoing, Plaintiff's Motion to Quash is due to be granted.

## C. Reasons for Termination and Disciplinary Actions

Plaintiff condemns Defendant's request for this category of information as an attempt to gather inadmissible character evidence under Federal Rule of Evidence 404(a). (Doc. # 14 at 5-6). In response, Defendant argues that these records may "lead to the discovery of admissible evidence relating to the accuracy of Plaintiff's application with [Defendant] and Plaintiff's efforts to mitigate damages." [6] (Doc. # 16 at 4). The court has already rejected this argument within the context of its after-acquired evidence analysis above—without any basis to believe that Plaintiff was untruthful in his employment application, Defendant is not entitled to discovery into his performance history. However, Defendant also contends that "to the extent Plaintiff claims he had experience performing certain skills and that Johnson Bros. unfairly evaluated his skills, his record of discipline or terminations for poor performance of such skills could lead to the discovery of relevant information for use in rebutting his claims of expertise or proficiency." (*Id.*).

---

[6] Defendant bases this argument on an outdated version of Federal Rule of Civil Procedure 26(b). Prior to the 2015 amendments, information was discoverable as long as it "appeared reasonably calculated to lead to the discovery of admissible evidence. Federal Rule of Civil Procedure 26(b)(1) (2010). As amended, the current rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Federal Rule of Civil Procedure 26(b)(1) (2015).

The court agrees that Plaintiff's disciplinary records and reasons for termination from former employers are irrelevant to the claims and defenses in this case involving Defendant's allegedly unlawful employment practices. Defendant has cited no authority to support its argument that these records are relevant to its defense that Plaintiff performed poorly during his employment with Johnson Bros. In fact, courts considering this issue have held to the contrary. *See Liles v. Stuart Weitzman, LLC*, 2010 WL 1839229, at *3-5 (S.D. Fla. May 6, 2010) (finding that plaintiff's prior performance history was not relevant to work performed during employment with defendant and constituted inadmissible character evidence under Federal Rule of Evidence 404(a)); *Sanders v. Dalcraft, LLC*, 2009 WL 1392602, at *2 (N.D. Tex. May 18, 2009) (rejecting argument that prior performance records "may show performance deficiencies similar to those relied upon by [defendant] to justify the termination" because "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith"); *Chamberlain*, 2007 WL 2786421, at *3 (same); *Maxwell*, 2006 WL 1627020, at *4 (same). Consistent with these decisions, Defendant is not permitted to subpoena information from any of Plaintiff's former employers relating to his prior disciplinary records and reasons for termination.[7]

## III. Conclusion

For the reasons explained above, Plaintiff's Motion to Quash (Doc. # 14) is due to be granted in part and denied in part. Defendant is only permitted to subpoena Plaintiff's post-Johnson

---

[7] To be clear, the court realizes that as discovery occurs and the parties' theories develop, evidence of Plaintiff's prior poor performance (if any exists) *may* be framed as relevant evidence supporting Defendant's defense that Plaintiff was terminated due to poor performance. *See Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 398–99 (W.D. Tenn. 2012). At this stage of the case, discovery is just beginning, the record is not developed, and the court is unfamiliar with the circumstances surrounding Plaintiff's termination. If Plaintiff *later* asserts that his performance at Johnson Bros. was satisfactory, evidence from his former employers tending to show whether he actually possessed the requisite skills to perform his job as a Project Engineer *may* be relevant to Defendant's defense. This would not necessarily be inadmissible character evidence because the purpose of the evidence would not be to prove action in conformity therewith, but rather go to the question of whether Plaintiff possessed the skills to perform his job. The point, for now, is that the court cannot say at present that any of this information is relevant.

Bros. employers for (1) Plaintiff's prior employment applications and (2) information relating to Plaintiff's compensation and dates of employment. Defendant's other requests are due to be stricken from the subpoena. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this March 7, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE